UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis R. Brock,                                        Case No. 3:20-cv-941

                Plaintiff,

v.                                                          MEMORANDUM OPINION
                                                                 AND ORDER

Hancock County
Common Pleas Court,

                Defendant.

## I. INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Dennis R. Brock has filed a motion for reconsideration of my December 4, 2020 Memorandum Opinion and Order dismissing his claims under 28 U.S.C. § 1915A, (Doc. No. 28), as well as a motion for leave to file a motion for relief from judgment under Rule 60(b).[1] (Doc. No. 29). He also has filed his proposed Rule 60(b) motion. (Doc. No. 29-1). Defendant Hancock County Court of Common Pleas filed a brief in opposition to Brock's motion for reconsideration. (Doc. No. 30). Brock filed a brief in reply. (Doc. No. 31).

Brock currently is incarcerated at the Noble Correctional Institution in Caldwell, Ohio, pursuant to his conviction on 13 counts of rape following a jury trial in the Hancock County Court of Common Pleas. I previously dismissed Brock's complaint under § 1915A because: (1) Defendant

---

[1] As Defendant notes, Brock's motion for leave and his proposed Rule 60(b) motion appear to be directed to the Sixth Circuit Court of Appeals, although both documents were filed in this Court and Brock has not filed a notice of appeal. (*See* Doc. Nos. 29 and 29-1).

is not subject to suit under Ohio law; (2) Brock's claims are barred by the doctrine of *res judicata*; and, (3) his claims are barred by the two-year statute of limitations applicable to claims under 42 U.S.C. § 1983 in Ohio. (Doc. No. 26).

For the reasons stated below, I deny Brock's motions.

## II.  STANDARD

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## III.  ANALYSIS

In his motion for reconsideration, Brock argues I erred in not considering the merits of his claims. (Doc. No. 28). He does not address my conclusions that (a) the Hancock County Court of Common Pleas is not subject to suit under Ohio law, and (b) his claims are barred by the doctrine of *res judicata*. (*See* Doc. No. 26 at 4).

While he acknowledges I also concluded his claims are barred by the statute of limitations, (Doc. No. 28 at 4), Brock does not explain how I erred in reaching that conclusion. Instead, Brock argues he would prevail on the merits of his claims if I disregarded all the reasons why his complaint is subject to dismissal. (*See* Doc. No. 28 at 1-4). Brock fails to show he is entitled to relief under Rule 60(b), and I deny his motion for reconsideration on that basis.

Brock also has filed a motion for leave to file a second document which he describes as a Rule 60(b) motion for reconsideration. (Doc. No. 29). As I previously noted, both Brock's motion for leave and his proposed Rule 60(b) motion appear to be addressed to the Sixth Circuit. Brock has not filed a notice of appeal, and the deadline for doing so is long past. 28 U.S.C. § 2107(a) (requiring parties to file a notice of appeal within 30 days of the entry of judgment); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (quoting *Browder v. Director, Ill. Dep't of Corr.*, 434 U.S. 257, 264 (1978))).

Moreover, even if I were to construe Brock's motion for leave as a motion to extend the appeal deadline, Brock also has failed to meet the deadline for such a motion. While a district court may "extend the time for appeal upon a showing of excusable neglect or good cause," the party seeking to bring an appeal must file a motion to extend the deadline within 30 days after the expiration of the appeal deadline. 28 U.S.C. § 2107(c). Brock did not file his motion for leave within 60 days of my December 4, 2020 Memorandum Opinion and Order. Therefore, I deny his motion for leave to the extent it could be construed as a motion for leave to file a delayed appeal.

There remains one issue to address. Brock points out that the case caption of my Memorandum Opinion and Order listed the <u>Hamilton</u> County Court of Common Pleas, rather than the <u>Hancock</u> County Court of Common Pleas, as the defendant. (*See* Doc. No. 26 at 1). Far from being an "attempt[] to hide [my] decision by burying . . . [it] in an entirely different county," or "a

3

voluntary relinquishment of jurisdiction," (Doc. No. 29-1 at 1), this was a typographical error – one made plain by my exclusive use of "Hancock" throughout the remainder of the document. I hereby correct this "clerical mistake." Fed. R. Civ. P. 60(a). The Clerk of Court shall file an Amended Memorandum Opinion and Order correcting the case caption.

### IV. CONCLUSION

For the reasons stated above, I deny Brock's Rule 60(b) motion and his motion for leave. (Doc. Nos. 28 and 29).

So Ordered.

    s/ Jeffrey J. Helmick
    United States District Judge