UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis R. Brock,                                       Case No. 3:20-cv-941

         Plaintiff,

      v.                                                AMENDED
                                                      MEMORANDUM
Hancock County Common Pleas Court,        OPINION AND ORDER

         Defendant.

*Pro se* Plaintiff Dennis Brock is a state prisoner presently incarcerated at the Ross Correctional Institution in connection with a conviction in the Hancock County, Ohio Court of Common Pleas.[1] In this action brought pursuant to 42 U.S.C. § 1983, Brock alleges that the Hancock County Court of Common Pleas lacked jurisdiction and authority over Case No. 2005CR138 ("Criminal Case"), and that he was unlawfully detained in connection with that case. (Doc. No. 1). He also filed a motion for an emergency injunction ordering his immediate release from incarceration while this case is pending. (Doc. No. 2).

Brock filed this case in the Southern District of Ohio and it was transferred to this Court because all events allegedly giving rise to Brock's claim occurred within the territorial jurisdiction of the Northern District of Ohio, Western Division. (Doc. Nos. 3 and 4). Brock subsequently filed an amended complaint, stating the same allegations and claims. (Doc. No. 5). The amended complaint revises Brock's jurisdiction and venue allegations to refer to the Northern District of Ohio, Western

---

[1] This action was transferred from the Southern District of Ohio. (*See* Doc. Nos. 3 and 4).

Division. The Amended Complaint also omits the Verification section contained in the original Complaint. (*See* Doc. No. 1 at 21-23).

The parties subsequently filed a variety of motions. Brock filed motions for the appointment of counsel, (Doc. Nos. 6 and 23), an amended motion for an emergency injunction, (Doc. No. 8), a motion for summary judgment, (Doc. No. 15), a motion for leave to file a reply brief to Defendant's brief in opposition to Brock's summary judgment motion, (Doc. No. 19), a motion for the appointment of a three judge panel to hear his claims, (Doc. No. 24), and a motion for an extension of time to respond to any future court orders or filings by the Defendant because he will undergo a medical procedure, (Doc. No. 25). For its part, Defendant has filed a motion to dismiss for failure to state a claim, (Doc. No. 11), as well as briefs in opposition to several of Brock's motions.

## I. BACKGROUND

The factual background of the instant action is detailed in a sister court's opinion dismissing another § 1983 action brought by Brock against Judge Joseph Niemeyer, who presided over the Criminal Case. *See Brock v. Niemeyer*, Northern District of Ohio Case No. 3:19-cv-82, Doc. No. 18. Briefly, Brock was charged with rape in the Criminal Case and, represented by counsel, waived prosecution by indictment. Then in October 2005, prosecutors dropped the charges in the Criminal Case and refiled them by indictment in Hancock County Court of Common Pleas Case No. 2005CR226. In August 2007, Brock was convicted by a jury for rape in Case No. 2005CR226 and is currently incarcerated for that conviction. *Id.*

## II. STANDARD OF REVIEW

Because Plaintiff paid the filing fee, screening under 28 U.S.C. § 1915(e)(2) is inapplicable. However, since Plaintiff is a state prisoner, his status as a prisoner requires that I screen the complaint under 28 U.S.C. § 1915A regardless of whether the filing fee was paid. *See Lacoss v. Engler*,

234 F.3d 1268 (Table) (6th Cir. 2000) ("[A]ll complaints filed by prisoners against state officials, whether or not they are proceeding *in forma pauperis*, are subject to sua sponte dismissal for failure to state a claim.") (citing 28 U.S.C. § 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)); *Siller v. Dean*, 205 F.3d 1341 (Table) (6th Cir. 2000) (finding that district court improperly dismissed fee paid prisoner civil rights case pursuant to § 1915(e)(2)(B) but affirming the district court's judgment because the complaint was properly subject to dismissal pursuant to § 1915A) (citations omitted); *Nelson v. Janice*, No. 2:14-CV-11256, 2014 WL 2765147, at *1 (E.D. Mich. June 18, 2014) ("[A] review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity.") (citing *Benson*, 179 F.3d at 1017).

Under § 1915A, I review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A frivolous case "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill,* 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915A).

### III. ANALYSIS

This action is subject to dismissal for multiple reasons even under the liberal standard applied to *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

3

As an initial matter, the Hancock County Court of Common Pleas is not subject to suit and is not a proper defendant. "The Ohio Supreme Court has concluded that Ohio courts are not sui juris. 'Absent express statutory authority, a court can neither sue nor be sued in its own right.'" *J.H. v. Ohio Dep't of Job & Family Servs.*, No. 1:19-CV-992, 2019 WL 6485733, at *2 (S.D. Ohio Dec. 3, 2019) (quoting *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976)). Accordingly, Plaintiff fails to state a plausible claim for relief against the Hancock County Court of Common Pleas.

Next, Plaintiff raises the same claims in this case as he raised in Northern District of Ohio Case No. 3:19-cv-82 and the instant action is, therefore, barred by *res judicata*. "The doctrine of *res judicata* provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action.'" *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)). "*Res judicata* is based on the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* All four factors are satisfied here. Accordingly, I dismiss the instant action for this additional reason.

Moreover, for the same reasons articulated by the court in *Brock v. Niemeyer*, Northern District of Ohio Case No. 3:19-cv-82, the claims here regarding Defendant's conduct in 2005 regarding the Criminal Case are barred by the two-year statute of limitations applicable to § 1983 actions in Ohio. *See* Northern District of Ohio Case No. 3:19-cv-82, Doc. 18. Accordingly, I dismiss the instant action for this reason as well.

### IV. CONCLUSION

For the reasons discussed above, I dismiss this action pursuant to § 1915A. *See e.g. Butts v. Wilkinson,* 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *Jones v. Seabold*, 11 F. App'x 486 (6th Cir. 2001) (affirming dismissal pursuant to § 1915A clearly barred by statute of limitations); *Moon v. Richland Corr. Inst. Ohio*, No. 1:19-cv-1250, 2019 WL 2359196, at *1 (N.D. Ohio June 4, 2019) ("Because Defendant is not *sui juris* and the ODRC is immune from suit, Plaintiff fails to state a plausible § 1983 claim upon which relief can be granted[.]").

Further, I deny Brock's motions for release pending judgment, (Doc. Nos. 2 and 8), for the appointment of counsel, (Doc. Nos. 6 and 23), for summary judgment, (Doc. No. 15), for leave to file a reply brief, (Doc. No. 19), for the appointment of a three judge panel, (Doc. No. 24), and for an extension of time to respond to any future court orders or filings by the Defendant, (Doc. No. 25), as well as Defendant's motion to dismiss, (Doc. No. 11), as moot.

Finally, I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge